IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket No. 3:11-cr-00082-7 |
| | ) | JUDGE TRAUGER |
| PATRICK DEWAYNE SMITH | ) | |
| | ) | |
| | ) | |

**POSITION OF DEFENDANT PATRICK SMITH WITH
RESPECT TO SENTENCING FACTORS**

### I.     *MR. SMITH'S OBJECTIONS TO THE PRESENTENCE REPORT*

Comes now the defendant PATRICK DEWAYNE SMITH, by and through undersigned counsel, and pursuant to *Administrative Order No. 117-3* for the U.S. District Court for the Middle District of Tennessee and submits his sentencing position and objections to the Presentence Report completed on February 7, 2013.

Defendant Patrick Smith objects to the numbered paragraphs in the presentence report as follows:

1.  Paragraph 15 (Introductory): Mr. Smith objects to the PSR's assertion that "Smith generally sold these drugs in Giles County, Tennessee, and Limestone County, Alabama" as being unsupported by proof at trial.

2.  Paragraph 15(d): Smith objects that the allegations in this paragraph are unsupported by proof at trial. Specifically, the defendant never stated that he had acquired "two ounces of cocaine". Nor did the government prove that the "little bitty box" referred to baking soda.

3.  Paragraph 15(g) Smith objects that the allegations in this paragraph summarizing that the defendants "needed a microwave to cook the three ounces of cocaine into crack for Pat Smith." This inference was not supported by the actual phone call which never made any reference to "crack cocaine."

4.  Paragraph 15(i) Smith objects that the allegations and inferences in this paragraph generally were unsupported by proof at trial.

5. Paragraph 15(j) Smith objects that the allegations in this paragraph generally were unsupported by proof at trial.

6. Paragraph 15(k) Smith objects that the allegations and inferences in this paragraph were unsupported by proof at trial.

7. Paragraph 15(l) Smith objects that the allegations and inferences in this paragraph generally were unsupported by proof at trial. Specifically, the intercepted phone call did not confirm "that cocaine was in fact present inside the apartment when Smith was present."

8. Paragraph 16 inaccurately states the defendant was arrested in Athens, Alabama. He was arrested in Madison, Alabama.

9. Paragraph 31- Mr. Smith objects to the PSR's finding that he is a career offender.

10. Paragraph 31 - incorrectly states that Mr. Smith was sentenced to 15 years' custody in Limestone County Circuit Court Case No. CC-97-110. Records obtained by counsel indicate the defendant was sentenced to 7 years custody on this case number.

11. Paragraph 35 – This case was filed in Athens, Alabama, not Athens, Georgia.

12. Paragraph 41 – Smith objects that there was no proof that he possessed "more than 2.2 pounds." This was merely the amount of marijuana alleged in the indictment. Mr. Smith pled to the lesser offense of possession of marijuana, first degree.

13. Paragraph 43 – Smith objects that he did not pull a weapon during this offense.

14. Paragraph 45 – Smith objects that he did not hit Ms. Malone in the head.

15. Paragraph 58 – Smith objects that the offense occurred in Madison, Alabama, not Madison, Tennessee.

16. Paragraph 62 – Smith objects that the offense occurred in Madison, Alabama, not Madison, Tennessee.

17. Paragraph 63 – Smith received his GED from the state of Kentucky, not Tennessee.

18. Paragraph 73 – Mr. Smith objects that he does not have the requisite convictions for purposes of sentencing enhancement under 21 U.S.C. 851, resulting in a mandatory life sentence.

## II. THE GOVERNMENT FAILED TO PROVE DEFENDANT JOINED A CONSPIRACY OR OTHERWISE VIOLATED 21 U.S.C. § 841 or 18 U.S.C. § 1956

Mr. Smith respectfully would show the evidence at trial was insufficient to convict him under either of the drug conspiracy or the money laundering charges. Specifically, the government failed to offer competent proof that Mr. Smith joined a conspiracy with intent to distribute or possess 5 kilograms of cocaine, 280 grams or more of crack cocaine, or 100 kilograms or more of marijuana or joined a conspiracy to commit money laundering.

In support, Mr. Smith would show as follows:

- The jury had difficulty distinguishing between a mere "buyer-seller" relationship and a conspiracy. This confusion was evident from questions submitted by the jury to the court during jury deliberations and following the jury instructions.

- Cooperating Defendant Randy Randolph gave testimony at his grand jury appearance that was inconsistent with his testimony at trial. In the grand jury, Randolph testified that Travis Gentry and Patrick Smith came to defendant Randolph's house to "cook up some dope." (Grand Jury Testimony of Randy Randolph, Dec. 20, 2011) At trial, defendant Randolph stated that he did not know what Gentry and Smith were doing at his home because defendants were "in another room."

- Venue in the Middle District of Tennessee as to Patrick Smith was not proved by a preponderance of the evidence as required by the Sixth Circuit. See *United States v. Charlton*, 372 F.2d 663, 665 (6th Cir. 1967).

- The government failed to prove beyond a reasonable doubt that an individual using telephone number (256) 614-2566 was defendant Patrick Smith. (See Trial Testimony

3

of T.B.I. Agent Daryl Richardson and objections of counsel, Doc. No. 1411, pp. 87-102)

### III. DEFENDANT LACKS THE REQUISITE CONVICTIONS TO BE DESIGNATED A "CAREER OFFENDER"

Defendant Smith objects to the finding that he is a career offender because he does not have two qualifying convictions under USSG § 4B1.1. (PSR at p. 13, ¶ 31). The bases for the career offender finding in the PSR are two sets of felony convictions:

1. At age 17, the defendant was charged in Limestone County Alabama Juvenile Court with two counts of Unlawful Distribution of Controlled Substances. These charges were transferred (perhaps without due process to the defendant) to Limestone County Circuit Court, where the defendant entered a plea of guilty to both counts. This two-count conviction -- if not constitutionally infirm -- counts as one prior conviction for purposes of the career offender guideline. See USSG § 4B1.2.(c)(2).

The Limestone County Juvenile Court Records obtained by United States Probation Office and provided to counsel are simply devoid of any court order or judicial factfinding demonstrating that constitutional Due Process was afforded Mr. Smith at the time the case was transferred to Alabama Circuit Court.

2. At age 20, the defendant was charged under two case numbers with unlawful distribution of marijuana and with trafficking in marijuana. Each of these charges was reduced to the offense of Possession of Marijuana First Degree under Alabama Code 13A-12-213.

4

Under Alabama law, a person commits a crime of unlawful possession of marijuana in the first degree if "[he] possesses marihuana for other than personal use; or … [h]e possesses marihuana for his personal use only after having been previously convicted of unlawful possession in the second degree or unlawful possession of marihuana for his personal use only." Ala. Code § 13A-12-213(a).

The defendant concedes that he had no prior conviction for unlawful possession in the second degree or unlawful possession of marihuana for personal use.  However there is nothing either in the plea signed by Mr. Smith nor in the transcript of the plea colloquy to suggest Mr. Smith possessed marijuana for "other than personal use."  Before Limestone County Circuit Court Judge George Craig, Mr. Smith's defense counsel asked as follows:

> MR. SANDLIN:  Patrick, on or about August 18, 1999, were you in an automobile here in Limestone County with Brandon Deering, Charles Turner, and Abdul Nasari?
>
> MR. SMITH:  Yes.
>
> MR. SANDLIN:  Did you have in that automobile marijuana?
>
> MR. SMITH:  Yes.
>
> MR. SANDLIN:  And did you know it was in the automobile?
>
> MR. SMITH:  Yes.
>
> MR. SANDLIN:  Is that sufficient, judge?
>
> THE COURT:  Yes.
>
> MR. SANDLIN:  Patrick, on or about February 11th, 1999 here in Limestone County, did you also have in your possession a quantity of marijuana?
>
> MR. SMITH:  Yes.
>
> MR. SANDLIN:  And did you know that it was marijuana?

MR. SMITH:     Yes.

Transcript of Plea Colloquy before Hon. George Craig, Oct. 16, 2000, Limestone Circuit Court Case Nos. CC1999-689, CC2000-540. **(EXHIBIT 1)**

The foregoing simply fails to establish that these convictions qualify for purposes of the career offender guideline. Eleventh Circuit case law interpreting this Alabama statute suggest a conviction that is demonstrably for "other than personal use" qualifies as a predicate offense for the purpose of the career offender enhancement. *See United States v. Goodlow*, 389 Fed. Appx. 961 (11th Cir. 2010). But the converse can be inferred from *Goodlow*: when a conviction falls under the "for personal use" prong, it does not qualify.

Defendant submits that the plea in this case fails to indicate to which prong of the Alabama statute the defendant was pleading. The factual record of the proceeding in the Limestone County Circuit Court fails to establish that the convictions on Oct. 16, 2000, were for possession for "other than personal use." The recited facts in the plea colloquy strongly suggest otherwise. Accordingly, these convictions must not be used as a basis for finding Mr. Smith is a career offender.

IV.     *DEFENDANT PATRICK SMITH PROVIDES NOTICE THAT HE DENIES THE FACT OF PRIOR CONVICTIONS AND CHALLENGES THE CONSTITUTIONALITY OF THE STATUTORY, RECIDIVISM ENHANCEMENT WHICH MANDATES A MINIMUM LIFE SENTENCE IN HIS CASE UNDER 21 U.S.C. § 841 AND §851.*

Defendant Smith denies the prior convictions alleged by the government for purposes of sentencing enhancement under 21 U.S.C. § 851 (Doc. 672) and hereby demands strict proof of them.

Mr. Smith recognizes the current state of the law as codified at 21 U.S.C. §§ 841(b)(1)(A) & 851 and as articulated by the Supreme Court in *Almendarez-Torres v. United*

*States*, 523 U.S. 224 (1998). However, it appears that *Almendarez-Torres* may not be valid in light of the *Booker* and *Shepard* decisions. Defendant suggests that a change in the law is warranted since prior convictions are "facts" used to enhance the sentence and those "facts" exponentially increase Defendant Smith's minimum mandatory sentence. Thus, Defendant Smith challenges the statutory enhancement. *See*, PSR at p. 1, 21 at ¶ 73.

In 1998, the Supreme Court rendered its 5-4 majority opinion in *Almendarez-Torres v. United States*, holding that recidivist enhancements were sentencing factors, not elements, to be proven to the judge at sentencing by a preponderance of the evidence.[1] *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Then, in 2000, the Supreme Court rendered its decision in *Apprendi v. New Jersey*, declaring that *other than the fact of a prior conviction*, the Sixth Amendment demands that all other factors which enhance a sentence beyond the statutory maximum must be charged and proven beyond a reasonable doubt, or admitted by the defendant. *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The *Apprendi* majority made prior convictions the exception to its holding based upon *Almendarez-Torres*. In his concurrence in *Apprendi*, Justice Thomas promised the imminent demise of recidivist enhancements as mere sentencing factors. *Apprendi, supra,* at 520-521, 120 S.Ct. 2348 (THOMAS, J., concurring). Justice Thomas strongly disagreed with the prior conviction exception and announced that his swing-vote with the majority in *Almendarez-Torres* had been wrong. *Id*.

---

[1] In *Jones v. United States*, 526 U.S. 227 (1999), the Supreme Court explained that the fact of prior convictions was constitutionally distinct from other sentence-enhancing facts, such that it was permissible, under *Almendarez-Torres*, to use prior convictions as a sentence enhancer:

> One basis for the constitutional distinctiveness [of prior convictions] is not hard to see: unlike virtually any other consideration used to enlarge the possible penalty for an offense . . . a prior conviction must itself have been established *through procedures satisfying the fair notice, reasonable doubt and jury trial guarantees.*

*Jones*, 526 U.S. at 249 (emphasis added). Thus, *Jones'* acceptance of the prior-conviction exception was rooted in the concept that prior convictions have been, by their very nature, subject to the fundamental procedural protections intended to guarantee the validity of criminal convictions: fair notice, reasonable doubt, and the right to a jury trial.

7

On June 24, 2004, in *Blakely v. Washington*, the Supreme Court clarified its *Apprendi* decision by defining "statutory maximum." *Blakely v. Washington*, 124 S. Ct. 2531 (2004). Then on January 12, 2005, the Supreme Court applied the Sixth Amendment analysis to the federal sentencing Guidelines and rendered them advisory only. *United States v. Booker*, 125 S. Ct. 738 (2005). Both *Blakely* and *Booker* paid lip service to the "prior conviction" exception.

However, on March 7, 2005, in *Shepard v. United States*, the Supreme Court again raised serious questions about the continued vitality of the "prior conviction" exception. *Shepard v. United States*, 125 S.Ct. 1254 (2005). Although *Shepard* did not reverse *Almendarez-Torres*, it did restrict the facts district courts can consider in determining whether a prior conviction qualifies for the enhanced Armed Career Criminal penalty. *Id*. In *Shepard*, Justice Thomas again expressed reservation about the viability of *Almendarez-Torres* in his concurrence, writing:

> *Taylor* and today's decision thus explain to lower courts how to conduct factfinding that is, according to the logic of this Court's intervening precedents, unconstitutional in this very case. The need for further refinement of *Taylor* endures because this Court has not yet reconsidered *Almendarez-Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which draws an exception to the *Apprendi* line of cases for judicial factfinding that concerns a defendant's prior convictions. *See Apprendi, supra,* at 487-490, 120 S.Ct. 2348. *Almendarez-Torres,* like *Taylor,* has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided. *See* 523 U.S., at 248-249, 118 S.Ct. 1219 (SCALIA, J., joined by STEVENS, SOUTER, and GINSBURG, JJ., dissenting); *Apprendi, supra,* at 520-521, 120 S.Ct. 2348 (THOMAS, J., concurring). The parties do not request it here, but in an appropriate case, this Court should consider *Almendarez-Torres*' continuing viability. Innumerable criminal defendants have been unconstitutionally sentenced under the flawed rule of *Almendarez-Torres,* despite the fundamental "imperative that the Court maintain absolute fidelity to the protections of the individual afforded by the notice, trial by jury, and beyond-a-reasonable-doubt requirements." *Harris v. United States,* 536 U.S. 545, 581-582, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (THOMAS, J., dissenting).

*Shepard*, 125 S.Ct. at 1263 -1264 (THOMAS, J., concurring).

And the Court continues carefully to patrol the "prior conviction" exception created by *Almendarez-Torres*. On January 7 this year, the U.S. Supreme Court heard oral arguments in *Descamps v. United States, 11-9540*. The question presented in *Descamps* is whether to overrule *Almandez-Torres* and require an indictment and trial on the issue of the application of the Armed Career Criminal Act.

Also on the U.S. Supreme Court's January docket was oral argument in *Alleyne v. United States*, 11-9335, as to whether the Court should over-rule its decade old plurality decision in *Harris v. United States*, 536 U.S. 545 (2002), which held that *Apprendi* did not apply to facts triggering mandatory minimum penalties.

The Court has yet to issue an opinion in either *Descampes* or *Alleyne*. And so the "prior conviction" carve-out tenuously hangs on.

Given the fact that the Supreme Court's Sixth Amendment jurisprudence is substantially more developed now than it was in 2000 when Justice Thomas first called for the Court to revisit *Almendarez-Torres*, it is clear that the "prior conviction" exception derived from *Almendarez-Torres* will likely be revisited and reversed by the Supreme Court. The Supreme Court avoided revisiting the constitutional question in *Shepard* by construing the Armed Career Criminal statute in a manner that did not require it to rely on *Almendarez-Torres* and by limiting inquiry into the facts of the prior conviction to those already contained in the prior judicial record - thus eliminating affirmative fact-finding by the sentencing judge. Had the *Shepard* Court approached the issues in any other way, it would have required the Court to decide whether such fact-finding is authorized by *Almendarez-Torres*. Given the Supreme Court's Sixth Amendment rulings since

*Apprendi*, it seems inescapable that only a jury can make findings that increase the statutory maximum.

Based upon the imminent demise of *Almendarez-Torres'* holding that recidivism is a sentencing factor and for the reasoning set forth in Justice Thomas' concurrence in *Shepard*, Defendant Smith respectfully suggests that 21 U.S.C. § 841(b) and § 851 (both recidivist statutes) are unconstitutional on their face.[2] *Almendarez-Torres* will certainly be overruled by the Supreme Court because prior convictions cannot logically be distinguished from other enhancement factors that increase the statutory maximum. Pursuant to the *Apprendi* line of cases, the Sixth Amendment demands that the fact of a prior conviction likewise must be charged and found by the jury beyond a reasonable doubt, or admitted by the defendant, before the enhanced penalty can apply.[3]

Defendant Smith has not admitted the fact of his alleged prior convictions.[4] He proceeded to trial and invoked the fully protections of his Sixth Amendment right to jury trial. The jury did not pass on the fact of his prior conviction. To re-impanel a jury to pass on those factual contentions now would violate his double jeopardy rights.

---

[2] It is a cardinal principle of statutory interpretation that, if there is a "serious doubt" as to a statute's constitutionality, the court must "first ascertain whether a construction of the statute is fairly possible by which the question may be avoided." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (quotations removed). As explained below, that principle must now be applied when deciding whether 21 U.S.C. §§ 841(b) & 851 should be interpreted as requiring that defendants charged with an recidivism enhancement are entitled to the right to a jury trial and reasonable-doubt standard on the issue of the prior drug felony.

[3] Moreover, *Almendarez-Torres* can be distinguished because its vulnerability mandates that it be read narrowly and strictly confined to the facts of that case. Those facts include an *admission* to the prior conviction and a Fifth (not Sixth) Amendment challenge under the due process clause.

[4] In order to preserve this constitutional issue for the record, Defendant Smith is not admitting the prior convictions alleged in the PSR and in the Information filed by the government. Although not "inquired" by the Court in accordance with 21 U.S.C. §851(b), Defendant Smith herein provides written notice that he does not admit the prior conviction alleged in the Information filed before the trial of this matter. *See*, 21 U.S.C. §851(c).

10

Consequently, the Court should refuse to engage in fact-finding as to Defendant Smith's prior convictions, decline to impose a statutory life sentence, and should impose a sentence paying heed only to the statutory minimum (10 years) reflected in the jury's verdict. To do otherwise would violate Defendant Smith's Sixth Amendment right to a jury trial.

Respectfully submitted,

s/Travis Hawkins,  BPR 17395
THE HAWKINS LAW FIRM, PLLC
120 Old Liberty Pike
Franklin, Tennessee 37064
(615) 599-1010

### Certificate of Service

I certify that a copy of the above instrument was served by delivering the same by via the court's electronic filing system to:

Mr. SUNNY A.M. KOSHY, Esq.
Mr. ALEX LITTLE, Esq.
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, TN  37203

This 14TH  day of June 2013.

s/Travis Hawkins

11