**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 3:11-cr-00082-7 |
| | ) | Judge Trauger |
| PATRICK DEWAYNE SMITH | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

The defendant, through counsel, has filed a Motion for a Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. No. 2085), to which the government has filed a Response in Opposition (Doc. No. 2089), the defendant has filed a Reply (Doc. No. 2090), and the defendant has filed additional supplemental authority (Doc. No. 2097, 2101). The defendant seeks early release under the "unusually long sentence" provision recently enacted under § 1B1.13(b)(6) of the United States Sentencing Guidelines and the "other reasons" provision under § 1B1.13(b)(5).

The unfortnate procedural history of this case is detailed in this court's Memorandum and Order issued on October 25, 2021 (Doc. No. 2057) and will not be repeated here. That ruling denied the defendant's first Motion for Reduction in Sentence. In brief, he unwisely withdrew his guilty plea entered under a very favorable plea agreement with the government. The government filed two Section 851 Notices before the defendant and two of his co-defendants went to trial. The defendant was convicted on crack cocaine and money laundering conspiracy counts that mandated the life sentence, which was imposed in June 2013. He has now served 13 years of that sentence and has exhausted his administrative remedies by requesting early release from his warden. (Doc. No. 2085 at 13).

At sentencing, the defendant was 34 and was categorized as a career offender, based on convictions committed between the ages of 17 and 26. The government concedes that, as a result of the First Step Act, were he sentenced today, his minimum mandatory sentence would be 25 years, not life. The defendant argues that he might even qualify for a 15-year minimum mandatory sentence, which the government disputes. At any rate, the defendant was not the kingpin of this conspiracy, had somewhat limited involvement, and engaged in no violence. His prior convictions were for low- level drug dealing. This defendant received the highest sentence in this 20-defendant drug conspiracy case. The next-highest sentence was imposed upon the kingpin, Travis Gentry, who received a 30-year sentence, which was later reduced to time-served, approximately 115 months, pursuant to a compassionate release motion. All defendants in this conspiracy have now been released from prison.

Section 1B1.13(b)(6) provides as follows:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, after full consideration of the defendant's individualized circumstances.

The court rejects the government's position that the Sentencing Commission exceeded its authority in promulgating the § 1B1.13 policy statement and agrees with several other courts that have held that the Commission did not exceed its authority or violate Sixth Circuit precedent in doing so. *U.S. v. Brown*, 2024 WL 409062 (S.D. Ohio Feb. 2, 2024); *U.S. v. Skeeters*, 2024 WL 992171 (E.D. Penn. March 7, 2024).

The court finds that the defendant qualifies for a reduction in his sentence under this policy. He has served at least 10 years in prison, his sentence was "unusually long" for a mid-level drug

dealer who committed no violence during the conspiracy, and he would be subject to a 25-year minimum mandatory sentence were he sentenced today, rather than a minimum mandatory life sentence. His sentence was unusually long, compared to his co-defendants who received sentences ranging from probation to 360 months (reduced to 115 months), resulting in his sentence being not only unusually long, but disproportionately long.

In all his years of incarceration, the defendant has had not one disciplinary charge. His letters of support from Bureau of Prisons personnel describe him as an outstanding hard worker, dedicated to his job and responsibilities as Lead Laundry man at FCI Memphis. He is reliable, never misses work, is level-headed, good at multi-tasking, assists others in his down time, and "often brings great ideas to the table to make the operation run smoother". In short, he is a model inmate whose "institutional adjustment has been beyond exceptional." (Doc. No. 2085-2 at 1-3). The government states that it "has no reason to doubt the defendant's 'superlative' rehabilitation over the past 12.5 years... and commends him for it." (Doc. No. 2089 at 36-37). Having concluded that, its statement that he "may well remain a danger to the community, if his sentence is reduced to time served" (Doc. No. 2089 at 37) rings hollow.

Taking into account the 3553(a) factors, the rehabilitation of the defendant [Section 1B1.13(d)], and the unusually long sentence imposed upon him, the court finds extraordinary and compelling reasons for the early release of this defendant. His motion is therefore GRANTED, and his sentence is reduced to time served.

There being a verified residence and an appropriate release plan in place, this Order is stayed for up to 14 days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more

than 14 days are needed to made appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

It is so **ORDERED**.

ALETA A. TRAUGER
U.S. District Judge